IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ASUS COMPUTER INTERNATIONAL,
a California corporation,

    Plaintiff,

  v.

COMPSOLUTIONS VA, INC., a
Virginia corporation, and DOES 1
through 50, inclusive,

    Defendants.
                                          /

No. C 07-02204 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT**

## INTRODUCTION

A final judgment was entered in this contract dispute on April 21, 2008, after plaintiff accepted defendant's Rule 68 offer of judgment. Pursuant to that offer, defendant agreed to pay plaintiff $64,001.00 "plus all costs and interest where recoverable incurred to the date of the offer of compromise, April 18, 2008." Plaintiff has filed a timely motion to determine the amount of interest recoverable and claims that defendant owes $51,240.12 in interest payments. For the reasons stated below, plaintiff's motion is **DENIED**.

## STATEMENT

Defendant CompSolution VA, Inc. (sued as "Compsolutions, Inc.") is a Virginia corporation. Although it remains a corporation in good standing, defendant has no employees and minimal revenue. While still in business, defendant designed, created, and distributed custom computer systems.

Plaintiff ASUS Computer International is a California corporation with its principal offices in Fremont. Plaintiff filed this action in state court, and defendant removed to federal court pursuant to 28 U.S.C. 1441. Diversity jurisdiction is appropriate and undisputed under 28 U.S.C. 1332.

This action concerned an agreement for defendant to purchase 390 computers from plaintiff on credit for a total of $308,100.00. Defendant maintained that its role in the transaction was to serve as an intermediary between plaintiff and Flo Healthcare, a Georgia corporation that designed mobile workstations for medical providers. As an intermediary, defendant said it was responsible for receiving, configuring, storing, and ultimately distributing the computers to Flo. Defendant claimed that plaintiff failed to meet Flo's time deadlines and product specifications, requiring defendant to mail the computers back to plaintiff in California. According to defendant, plaintiff refused to accept the computers, and defendant held the machines in storage in Virginia at its own expense.

Central to the parties' disagreement was the question of whether or not they were in a contractual relationship. Plaintiff claimed to have entered into a written contract with defendant on November 18, 2004. Plaintiff said it performed its contractual obligations but defendant breached the contract by paying plaintiff only $63,730.00 of the $308,100.00 it owed. Plaintiff sent two invoices to defendant, dated November 18, 2004 and December 3, 2004, which became overdue as of January 3, 2005. The front page of each invoice contained the following language: "A finance charge of 1.5% per month will be imposed on all past due amounts" (First Amd. Compl. Exh. B). Plaintiff now argues that the 1.5 percent interest rate formed part of the contract between the parties.

Defendant contends that, as an intermediary between plaintiff and Flo, it was in no contractual relationship with plaintiff. Defendant maintains that Flo was solely responsible for paying for the computers and that plaintiff was so aware. Furthermore, defendant argues, if a contract did exist, plaintiff modified the contract on August 25, 2006, when it sent an email to defendant agreeing to accept a final payment of $63,750.00. That email, defendant emphasizes, made no mention of interest.

2

On February 3, 2007, plaintiff filed suit for an unpaid balance of $244,370.00, interest on that amount at 1.5 percent per month starting January 3, 2005, attorney's fees, and costs of suit. On April 18, 2008, defendant made an offer of judgment pursuant to Federal Rule of Civil Procedure 68. Plaintiff accepted the offer, and a final judgment was entered in plaintiff's favor on April 21, 2008. Plaintiff was given until Monday, April 28, 2008, to file a motion to determine the amount of interest, if any, it is entitled to under the judgment. Plaintiff filed a timely motion to amend the judgment pursuant to FRCP 59(e), requesting $51,240.12 in interest payments.

**ANALYSIS**

FRCP 68 provides that at any point more than ten days before trial, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." The rule is meant to encourage settlement. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).

Though the judgment in this case was arrived at pursuant to a federal rule, state law governs the question of what interest, if any, plaintiff can recover, given that this is a diversity action. *See Northrop Corp. v. Triad Int'l Mktg. S.A.*, 842 F.2d. 1154, 1155 (9th Cir. 1988) ("state law determines the rate of prejudgment interest in diversity actions").

Plaintiff argues that, because it specified a 1.5 percent interest rate in its 2004 invoices and in its complaint, that interest rate should apply to its award under the final judgment. Plaintiff would have the interest begin accruing on January 3, 2005 (the date its alleged invoices became overdue), meaning that it would recover a total of $51,240.12 in interest payments. That would nearly double plaintiff's award under the judgment.

Defendant has two responses. *First*, it argues that plaintiff is not entitled to the 1.5 percent interest rate detailed in the 2004 invoices because plaintiff "cannot prove the existence of a contract" based on those invoices (Opp. at 1). Defendant then goes one step further and contends that, because the August 2006 agreement upon which it based its offer of judgment included no interest, plaintiff is not entitled to recover any interest whatsoever. In the event that plaintiff is awarded interest, defendant argues that the rate should be calculated

3

"pursuant to statute and not based on the 1.5% monthly rate on which the parties never agreed" and should accrue no sooner than August 25, 2006 (*id*. at 8).

### 1. PLAINTIFF'S ENTITLEMENT TO PREJUDGMENT INTEREST UNDER THE OFFER OF JUDGMENT.

A court interpreting a Rule 68 offer of judgment "will ordinarily apply the usual rules of contract construction." *Herrington v. County of Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993). The court will construe any ambiguities in the offer against the drafting party and, where necessary, will consider extrinsic evidence of the parties' intentions in order to clarify the offer's material terms. *Ibid*.[*]

As plaintiff points out, defendant's Rule 68 offer was worded to include "interest where recoverable." As such, it left open the possibility for plaintiff to recover prejudgment interest. Given that plaintiff specifically requested "interest on the unpaid amount . . . at 1.5% per month" in its complaint (Amd. Compl. ¶ 10), it was not unreasonable for plaintiff to assume that "interest where recoverable" might mean interest at a rate of 1.5 percent per month.

By making an offer of judgment, plaintiff further argues, defendant implicitly admitted to each of plaintiff's claims, including that a contract existed between the parties and that any overdue payments under that contract were subject to a 1.5 percent monthly interest rate. Plaintiff contends that a Rule 68 judgment has the same effect as a trial on the merits under California law.

As discussed above, state law controls a plaintiff's entitlement to prejudgment interest in a diversity action, even where the judgment was reached pursuant to Rule 68. State law also controls a plaintiff's entitlement to attorney's fees under Rule 68 in a diversity action. *Bevard Farmers Ins. Exch.*, 127 F.3d 1147, 1148 (9th Cir. 1997). Nonetheless, federal law would normally govern the scope of a defendant's liability under a Rule 68 judgment. There does not, however, appear to be any binding federal precedent addressing the extent to which a defendant admits the truth of a plaintiff's claims by consenting to a Rule 68 judgment,

---

[*] Defendant submitted three declarations in support of its opposition motion. Even assuming arguendo that plaintiff is correct that those declarations constitute inadmissible hearsay, plaintiff's motion is still denied. It is therefore not necessary to address this issue.

4

where that judgment is silent as to defendant's liability. In the absence of such precedent, state law is persuasive, and there is no compelling reason to deviate from it.

Under California law, offers of judgment are governed by Section 998 of the Code of Civil Procedure, which largely mimics Rule 68. A Section 998 judgment is "deemed to be a compromise settlement." Cal. Code Civ. P. § 998(f). The word "'compromise' connotes mutual concessions; it reflects the settling parties' temporal resolution of the risks of suit as between them." *Milicevich v. Sacramento Med. Ctr.*, 155 Cal. App. 3d 997, 1004 (1984). A compromise settlement involves no adjudication of the parties' liability because no issues are actually litigated. The judgment has no collateral estoppel effect, and it cannot be admitted into evidence. *See Doran v. N. State Grocery, Inc.*, 137 Cal. App. 4th 484, 491 (2006).

Similarly, in the instant action, the Rule 68 judgment involved no adjudication of the plaintiff's claims. The judgment did not resolve whether the parties were in a contract or whether the 1.5 percent interest rate was a term of that contract. Thus, even if prejudgment interest were appropriate, the 1.5 percent interest rate would not be binding as plaintiff contends. It would undermine Rule 68's fundamental purpose of encouraging settlement to hold that a defendant, unless it specifies otherwise, admits to every claim in a plaintiff's complaint by consenting to a judgment in plaintiff's favor.

### 2. PLAINTIFF'S ENTITLEMENT TO PREJUDGMENT INTEREST UNDER CIVIL CODE SECTION 3287.

Another issue plaintiff has neglected to consider, and defendant has failed to brief, is that prejudgment interest can only be granted in a contract dispute under California law where plaintiff's damages were "certain or capable of being made certain by calculation" and where those damages vested on a particular day. Cal. Civ. Code § 3287(a).

Damages are certain or capable of being made certain "where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Esgro Cent., Inc. v. Gen. Ins. Co.*, 20 Cal. App. 3d 1054, 1060–61 (1971). The test for determining certainty is whether or not the defendant actually knew how much it owed or could have computed the amount from reasonably available information. *Chesapeake Indus., Inc. v.*

*Togova Enters., Inc.*, 149 Cal. App. 3d 901, 907 (1983).  This requirement reflects a general belief that a defendant should not be required to pay a penalty on a sum it could not ascertain prior to judgment.  Section 3287(a) does not authorize prejudgment interest in a case like this one where the damages could not be resolved except by judgment.

Furthermore, even if defendant knew how much it owed or could have computed the amount from reasonably available information, "a large discrepancy between the amount of damages demanded in the complaint and the size of the eventual award . . . militates against a finding of the certainty allowing prejudgment interest."  *Polster, Inc. v. Swing*, 164 Cal. App. 3d 427, 435 (1985).  The greater the disparity, the less likely prejudgment interest is appropriate.  *Wisper Corp. v. California Commerce Bank*, 49 Cal. App. 4th at 961.

In this case, the final damages awarded ($64,001.00) were only 26 percent of the original damages claimed ($244,370.00).  In similar cases, courts have declined to award prejudgment interest, and such interest is denied here.  *See, e.g.*, *Chesapeake*, 149 Cal. App. 3d at 910 (denying prejudgment interest where the final award was thirty percent of the amount plaintiff originally claimed).

Where damages are uncertain, courts have discretion to award prejudgment interest under subsection (b) of Section 3287.  The purpose of subsection (b) is to provide judges with a means to "do equity" by adding interest to an award where the parties "have a legitimate dispute over how much is due."  *Lewis C. Nelson & Sons v. Clovis Unified Sch. Dist.*, 90 Cal. App. 4th 64, 71 (2001).  Subsection (b) thus "seeks to balance the concern for fairness to the debtor against the concern for full compensation to the wronged party."  *Id*. at 69.

There is no unfairness in denying interest in this commercial dispute where the parties were fully capable of folding the issue into a settlement or taking the issue to trial.  Prejudgment interest is intended to compensate a plaintiff "for the accrual of wealth which could have been produced during the period of loss."  *Cassinos v. Union Oil Co.*, 14 Cal. App. 4th 1770, 1790 (1993).  Plaintiff has provided no evidence that defendant unduly delayed the litigation or that a prejudgment interest award is the only way to make plaintiff whole.

**CONCLUSION**

For all of the above-stated reasons, plaintiff's motion to amend the judgment to include prejudgment interest is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 5, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE