IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASUS COMPUTER INTERNATIONAL, a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>COMPSOLUTIONS VA, INC., a Virginia corporation, and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>                                                / | No. C 07-02204 WHA<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND VACATING HEARING** |

**INTRODUCTION**

In this breach-of-contract action, plaintiff ASUS Computer International, a California corporation, filed suit against defendant Compsolutions VA, Inc., a Virginia corporation, for failing to pay the full contract price for goods, wares, and merchandise sold and delivered and services rendered. Compsolutions then offered plaintiff of judgment under FRCP 68, which plaintiff unconditionally accepted. ASUS now moves for attorney's fees and costs. For the reasons stated below, the motion is **DENIED**. Because oral argument is unnecessary, the hearing set for July 17, 2008, is **VACATED**.

**STATEMENT**

The procedural history of this case is summarized in greater detail in an earlier order (Dkt. No. 65). In short, ASUS filed suit against Compsolutions for breaching a contract (the existence of which was disputed by Compsolutions). The matter was removed to federal

district court on diversity grounds.  In April 2008, defendant made an offer of judgment pursuant to FRCP 68, which plaintiff accepted.  Accordingly, judgment was entered, stating: "[F]inal judgment is hereby entered in favor of plaintiff and against defendant, in the sum of sixty-four thousand and one dollars ($64,001.00) plus all costs and interest where recoverable incurred to the date of the offer of compromise, April 18, 2008" (Dkt. No. 50).

Since the entry of judgment, ASUS filed two motions.  One was a motion to amend the judgment to award $51,240.12 in prejudgment interest.  An order dated June 5, 2008, denied this motion.  The order held, *inter alia*, that the judgment was silent as to whether or not a contract actually existed between the parties.  The second motion, which is the subject of this order, requested $23,750 in attorney's fees, $320 for the filing fee paid to the Alameda Superior Court, $744.55 paid for the transcript of a witness' deposition, and $95 for a private process server.  After Compsolutions filed its opposition memorandum, ASUS never replied in accordance with Civil Local Rule 7-3(c).

**ANALYSIS**

Compsolutions only disputes payment of the attorney's fees; it says that ASUS can recover the other $1,159.55 in costs.  In discussing what the term "costs" means in the context of a FRCP 68 judgment, the Ninth Circuit has held:

> The term "costs" in Rule 68 is intended to refer to all costs properly awardable under the relevant substantive statute.  Absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorneys' fees, such fees are to be included as costs for purposes of Rule 68.  To determine the interplay between Rule 68 and the [relevant substantive statute], the Court must construe the "plain meaning" interpretation of both the Rule and the statute in a manner that gives meaning to every word in each.

*United States v. Trident Seafoods Corp.*, 92 F.3d 855, 860 (9th Cir. 1996).  Neither party disputes that, because this action was removed to federal district court on diversity grounds, California state law determines ASUS's entitlement to attorney's fees.  *Bevard v. Farmers Ins. Exchange*, 127 F.3d 1147, 1148 (9th Cir. 1997).  "In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not,

2

state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Ibid*.

In the instant action, the final judgment included "all costs and interest where recoverable incurred to the date of the offer of compromise." ASUS contends that, as ASUS is the prevailing party, California law gives it the right to attorney's fees. A "prevailing party" includes "the party with a net monetary recovery." Cal. Civ. Pro. § 1032(a)(4).

Then, "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs . . . Reasonable attorney's fees shall be fixed by the court and shall be an element of the costs of suit." Cal. Civ. Code § 1717(a). Attorney's fees, when authorized by contract, statute, or law, are allowable as costs under Section 1032. Cal. Civ. Pro. § 1033.5. As a result, ASUS argues, "costs" under the FRCP 68 judgment include "attorney's fees."

This order disagrees. Under California law, "[i]t is the general rule that attorney's fees are not recoverable from the opposing party in the absence of an express statutory provision or a contractual agreement that they be paid." *Reid v. Valley Restaurants*, 48 Cal. 2d 606, 610 (1957). The earlier order denying ASUS' motion to prejudgment interest stated, "[T]he Rule 68 judgment involved *no* adjudication of the plaintiff's claims. The judgment did *not* resolve whether the parties were in a contract . . . It would undermine Rule 68's fundamental purpose of encouraging settlement to hold that a defendant, unless it specifies otherwise, admits to every claim in a plaintiff's complaint by consenting to a judgment in plaintiff's favor" (Dkt. No. 65) (emphasis added).

There is no finding of a contract between ASUS and Compsolutions, thereby defeating any argument that ASUS is entitled to attorney's fees under contract. Nor is ASUS entitled to attorney's fees under any statutory authority. The aforementioned California statutes also require that there be an underlying contract. Section 1717(a) provides that "the party prevailing

3

on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs." Similarly, Section 1033.5 states that attorney's fees are allowable as costs when they are authorized by contract, statute, or law.  ASUS does not cite any California code provision that states otherwise.

ASUS frequently cites to *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834–35 (9th Cir. 1997), for the proposition that a "plaintiff cannot be deemed to have waived its right to recover statutory attorney's fees by accepting the Rule 68 offer, even if the offer mentions costs but is silent with respect to 'attorney's fees.'"  This decision is inapplicable, however. In *Nusom*, the plaintiff filed suit under the Truth in Lending Act and Oregon's civil racketeering statute, both of which made attorney's fees an item to be awarded separate from costs.  The Ninth Circuit held that, even though plaintiff accepted an offer of judgment under FRCP 68, which was silent as to attorney's fees, this did not preclude the plaintiff from seeking attorney's fees.  This order notes that TILA expressly provided for attorney's fees.  Here, in contrast, ASUS has no independent statutory right to attorney's fees to waive.  Accordingly, ASUS had neither a statutory nor contractual right to attorney's fees.

## CONCLUSION

For the foregoing reasons, ASUS' motion for attorney's fees is **DENIED**.  Because Compsolutions does not dispute payment of the other costs, Compsolutions is ordered to pay $1,159.55 for the court filing fee, transcript of a witness deposition, and private process server. The hearing set for July 17, 2008, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: July 14, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4